UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. MAJOR,

    Plaintiff,

v.

OFFICE OF SUPERINTENDENT OF SCHOOLS, STATE OF WASHINGTON,

    Defendant.

Case No. C08-5438FDB

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants move for dismissal on several bases: Plaintiff's claims are barred by the Eleventh Amendment, and if not, this Court lacks subject-matter jurisdiction over the claims; failure to state a claim upon which relief can be granted; Plaintiff's claims are barred by the statute of limitations; plaintiff fails to demonstrate standing to assert claims on behalf of his children; and Plaintiff's amended complaint has not cured the defects in his original complaint.

Plaintiff's Amended Complaint details action taken by the Port Townsend School District on October 18, 1993 against one of his six adopted children concerning a false 911 call; an October 30, 1995 restraining order obtained against Plaintiff by "Ms. Major" and other details concerning the children and Ms. Major. Plaintiff next lists 20 causes of action against the State, its agencies and/or officials; he explains how the State's actions have caused him and his six children harm; Plaintiff then lists the specific court and State ruling against Plaintiff and his children that he asks this Court to void and reverse; finally, Plaintiff lists the relief he seeks.

ORDER - 1

Defendants have demonstrated that this cause of action must be dismissed pursuant to the Eleventh Amendment, as well as on other bases.  Plaintiff has responded opposing the motion to dismiss, but his assertions and arguments are lacking in merit.  Under the Eleventh Amendment and the jurisprudence concerning its application, Federal Courts cannot entertain an action brought by a citizen against his or her own state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment's jurisdictional bar includes law suits naming state agencies and departments as defendants, and it applies whether the relief sought is legal or equitable in nature. *Brooks v. Sulpher Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991).

While by itself the Eleventh Amendment prohibition is sufficient to dismiss this case, Defendants have also cited the Rooker-Feldman doctrine, which precludes a federal court from reviewing claims adjudicated in state courts or evaluating constitutional claims that are inextricably intertwined with prior state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).   Here, to the extent that Plaintiff is challenging his prior domestic relations actions in the Washington state courts – and he is seeking to have various state court rulings declared void by this Court and reversed – this is another basis to dismiss this cause of action.  Moreover, domestic relations matters are generally precluded from Federal review. *See Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983).

Defendants also cited the rules against collateral attacks; cite authority for the proposition that state agencies and state officials sued in their official capacities are not "persons" subject o suit for money damages under the Civil Rights Act; that the applicable statute of limitations for claims under the civil rights act is three years, thus barring claims arising out of events prior to July 11, 2005; and finally, that Plaintiff lacks standing to pursue claims of any minor children he may have, who must be represented by his/her guardian to be a party to a lawsuit, and to the extent that any of the children are adults, he has no legal standing to pursue claims on their behalf.

For all the foregoing reasons, this cause of action must be dismissed.

ORDER - 2

ACCORDINGLY, IT IS ORDERED:

(1) Defendants' Motion to Dismiss [Dkt. # 13] is GRANTED;

(2) Defendants' Motion for Stay of Discovery [Dkt. # 19] is rendered MOOT by this Order;

(3) Plaintiff's Motions for Reconsideration [Dkt. 14], for Sanctions [15]; and for Partial Summary Judgment [Dkt. # 18] are DENIED given the Court's ruling on Defendants' Motion to Dismiss.

(4) The Clerk shall enter Judgment for Defendants Office of Superintendent of Schools, State of Washington, accordingly.

DATED this 4th day of December, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3